IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

SALIH R. SHABAZZ,

        Plaintiff,      Civil Action No.
                                  3:18-CV-0570 (MAD/DEP)

   v.

JOHNSON CITY POLICE
DEPARTMENT, *et al.*,

        Defendants.
_____

APPEARANCES:      OF COUNSEL:

FOR PLAINTIFF:

SALIH R. SHABAZZ, *Pro se*
16-B-3163
Attica Correctional Facility
Box 149
Attica, NY 14011

FOR DEFENDANT:

[NONE]


DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER, REPORT, AND RECOMMENDATION

This is a civil rights action brought by *pro se* plaintiff Salih R. Shabazz, a New York State prison inmate, against the Johnson City Police Department ("JCPD"), a JCPD patrolman, and a JCPD detective sergeant pursuant to 42 U.S.C. § 1983. Plaintiff's complaint alleges that defendants unlawfully searched and arrested him, handcuffed him to a bench for hours, and denied him access to an attorney.

Plaintiff's complaint and accompanying application for leave to proceed in the action *in forma pauperis* ("IFP") have been forwarded to me for review. Based upon my consideration of those materials, plaintiff's IFP motion is granted, but I recommend that certain of his causes of action be dismissed with leave to replead.

I.      BACKGROUND

Plaintiff commenced this action on or about May 14, 2018. Dkt. No. 1. Because plaintiff's complaint was unaccompanied by either the required filing fee or an application for leave to proceed IFP, the action was administratively closed by District Judge Mae A. D'Agostino. Dkt. No. 2. Plaintiff thereafter filed a motion for leave to proceed IFP on May 29, 2018, and the court reopened the action. Dkt. Nos. 3, 4.

As defendants, plaintiff's complaint names Christopher Ketchum, a detective sergeant, and Patrolman Conrad (Badge #140), both of whom are alleged to be employed by the JCPD, which is also named as a defendant. Dkt. No. 1 at 1-2. Plaintiff's complaint alleges that on February 26, 2016, he was stopped by defendant Ketchum at the corner of Harrison Street and Grand Avenue in Johnson City, handcuffed, and searched for contraband. *Id.* at 2-3. During the course of the search, and while handcuffed and in view of the public, defendant Ketchum pulled plaintiff's pants. *Id.* at 3. Plaintiff alleges that he told defendant Ketchum during the search that he is a Muslim. *Id.* Defendant Conrad subsequently conducted an additional search of plaintiff's person and found no contraband. *Id.* Following the searches, plaintiff was arrested. *Id.* at 4.

According to plaintiff, he was transported to JCPD headquarters after being arrested, where he was handcuffed to a bench for several hours without access to food, water, a telephone, or an attorney. Dkt. No. 1 at 4.

Plaintiff claims that his rights under the First, Fourth, Eighth, and Fourteenth Amendments were violated and asserts a municipal liability claim against defendant JCPD under *Monell v. Dep't of Soc. Servs. v. City of N.Y.*, 436 U.S. 658 (1978). Dkt. No. 1 at 4-5. As relief, plaintiff requests

monetary damages in the amount of $2 million jointly and severally against the individual defendants and $1 million against defendant JCPD. *Id.* at 6.

## II.   DISCUSSION

### A.   IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a).[1] A court is authorized, however, to permit a litigant to proceed *in forma pauperis* if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1). In this instance, because I conclude that plaintiff meets the requirements for IFP status, his application for leave to proceed without prepayment of fees is granted.[2]

---

[1]   The total cost for filing a civil action in this court is $400.00, consisting of the civil filing fee of $350.00, *see* 28 U.S.C. § 1914(a), and an administrative fee of $50.00. Although an inmate granted IFP status is not required to pay the $50.00 administrative fee, he is required to pay, over time, the full amount of the $350.00 filing fee regardless of the outcome of the action. *See* 28 U.S.C. § 1915(b)(3).

[2]   Plaintiff is reminded that, although his IFP application has been granted, he will still be required to pay fees that he incurs in this action, including copying and/or witness fees.

B.   Sufficiency of Plaintiff's Complaint

1.   Standard of Review

Because I have found that plaintiff meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in his complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Similarly, 28 U.S.C. § 1915A(b) directs a court to review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) ("[W]e have found both sections [1915 and 1915A] applicable to prisoner proceedings *in forma pauperis*.").

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable

6

basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although

the court should construe the factual allegations of a complaint in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortgage Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)). It "'is not itself a source of substantive rights[,] . . . but merely provides 'a method for vindicating federal rights elsewhere conferred[.]'" *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). In order to state a claim pursuant to section 1983, a plaintiff must allege

"(1) 'that some person has deprived him of a federal right,' and (2) 'that the person who has deprived him of that right acted under color of state . . . law.'" *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).

  2. <u>Analysis</u>

   a. <u>First Amendment</u>

  The First Amendment to the United States Constitution provides, in relevant part, that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof[.]" U.S. Const. amend. I. Although plaintiff identifies himself as a Muslim in his complaint, and allegedly did so on the date of his arrest while defendant Ketchum conducted a search of plaintiff's person, there are no allegations in the complaint explaining how the search conducted by defendant Ketchum violated his right to exercise his religion. Accordingly, I recommend that plaintiff's First Amendment claim be dismissed for failure to state a claim upon which relief may be granted.

   b. <u>Eighth Amendment</u>

  Any cause of action asserted by plaintiff arising under the Eighth Amendment is not cognizable in light of plaintiff's status at the relevant times as a pretrial detainee. *Younger v. City of N.Y.*, 480 F. Supp. 2d 723,

730-31 (S.D.N.Y. 2007) (citing *Whitley v. Albers*, 475 U.S. 312, 318-19 (1986)). Accordingly, I recommend that plaintiff's Eighth Amendment claims be dismissed.

### c.     JCPD as a Named Defendant

The JCPD is an agency of Johnson City and is not an independent entity subject to suit. The proper defendant, instead, is Johnson City. *See, e.g., Krug v. Cnty. of Rennselaer*, 559 F. Supp. 2d 223, 247 (N.D.N.Y. 2008) ("A city police department is not an independent, suable entity separate and apart from the municipality in which the police department is organized."). For that reason, I recommend that defendant JCPD be dismissed from the action. Additionally, for the sake of judicial efficiency, and because I find plaintiff's complaint alleges sufficient facts at this juncture concerning plaintiff's *Monell* claim to survive review under section 1915(e), I recommend that Johnson City be substituted for JCPD as a defendant.

### d.     Remaining Causes of Action

Mindful of the court's obligation to liberally construe a *pro se* litigant's pleadings, I find that plaintiff's remaining causes of action, including claims of false arrest, denial of access to counsel, and denial of due process, which are asserted under the Fourth, Sixth, and Fourteenth Amendments,

respectively, are sufficiently stated at this early juncture to survive review under section 1915(e) and require a response from defendants. In arriving at this conclusion, I express no opinion concerning whether plaintiff's complaint can withstand a properly filed motion to dismiss or for summary judgment or whether plaintiff's claims may ultimately prevail at trial.

### C. Whether to Permit Amendment

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could not "determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.,* 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a

11

complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

    In this case, it is possible that, with better pleading, plaintiff could amend his complaint to assert a cognizable First Amendment claim against the individual defendants. Accordingly, I recommend that plaintiff be granted an opportunity to amend his complaint concerning that claim. With respect to plaintiff's Eighth Amendment claims, however, in light of his status at the time of his arrest as a pretrial detainee, no legally cognizable action would arise under that provision. For that reason, I recommend dismissal of those claims with prejudice.

    If plaintiff chooses to file an amended complaint, he should note that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*,

810 F.2d 358, 363 (2d Cir. 1987)); *Pourzandvakil v. Humphry*, No. 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in any amended complaint, plaintiff must clearly set forth the facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, the revised pleading should allege facts demonstrating the specific involvement of any of the named defendants in the constitutional deprivations alleged in sufficient detail to establish that they were tangibly connected to those deprivations. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Finally, plaintiff is informed that any such amended complaint will replace the existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (quotation marks omitted)).

IV.     SUMMARY AND RECOMMENDATION

The IFP application that was submitted by plaintiff subsequent to the filing of his complaint in this action appears to be complete and reflects his eligibility for IFP status. Accordingly, his motion for leave to proceed in the action without prepayment of fees is granted.

Turning to the merits of plaintiff's claims, I conclude that the claims arising under the Eighth Amendment to the United States Constitution are legally deficient and therefore recommend that they be dismissed without leave to replead. Concerning plaintiff's First Amendment claim, although the currently drafted complaint fails to state a cognizable religious exercise claim, it is possible that plaintiff could amend his pleading to assert a plausible cause of action. As to the remaining claims, I recommend that they survive initial review under section 1915(e) and defendants be required to respond to the complaint. Based upon the foregoing it is hereby

ORDERED that plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3) is hereby GRANTED; and it is further hereby respectfully

RECOMMENDED that plaintiff's claims under the Eighth Amendment to the United States Constitution be dismissed with prejudice;

RECOMMENDED that plaintiff's First Amendment claim be dismissed with leave to replead; and it is further

RECOMMENDED that Johnson City be substituted as a named defendant in the action in the place of Johnson City Police Department; and it is further

RECOMMENDED that the remainder of plaintiff's complaint be accepted for filing; and it further hereby respectfully

RECOMMENDED that, in the event this order is adopted, the court issue an order requiring the following:

(1)   The clerk of the court shall issue summonses and forward them with copies of the complaint to United States Marshal, along with packets containing General Order 25, which sets forth this district's Civil Case Management Plan, for service upon the named defendants.

(2)   The clerk is directed to schedule a Rule 16 conference.

(3)   Subsequent to service of process on defendants, defendants or their counsel shall file a formal response to plaintiff's complaint in accordance with the Federal Rules of Civil Procedure.

(4)   All pleadings, motions, and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St.,

Syracuse, New York 13261-7367. **Any paper sent by a party to the court or the clerk must be accompanied by a certificate showing that a true and correct copy of same was mailed to all opposing parties or their counsel. Any document received by the clerk or the court which does not include a certificate of service showing that a copy was served upon all opposing parties or their attorneys will be returned, without processing.** Plaintiff must comply with any requests by the clerk's office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions, which must be returnable before the assigned district judge with proper allowance for notice as required by the Rules. **Plaintiff is also required to promptly notify the clerk's office and all parties or their counsel of any change in plaintiff's address; his failure to do so may result in the dismissal of this action;** and it is further

ORDERED that the clerk of the court shall serve a copy of this order on plaintiff in accordance with the court's local rules.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this

16

report.[3] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

Dated:   June 21, 2018
         Syracuse, New York

David E. Peebles
U.S. Magistrate Judge

---

[3]   If you are proceeding *pro se* and are served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the report, recommendation, and order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

17