**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**SALIH R. SHABAZZ,**

                              **Plaintiff,**

    vs.                                               **3:18-CV-0570
                                                                       (MAD/DEP)**

**JOHNSON CITY POLICE
DEPARTMENT,** *et al.***,**

                              **Defendants.**
_____

**APPEARANCES:**                                 **OF COUNSEL:**

**SALIH R. SHABAZZ,**
16-B-3163
Attica Correctional Facility
Box 149
Attica, New York 14011
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

       Plaintiff commenced this action *pro se* on May 14, 2018. *See* Dkt. No. 1. Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 against the Johnson City Police Department ("JCPD"), a JCPD patrolman, and a JCPD detective sergeant. *See id.* On May 29, 2018, Chief Magistrate Judge Peebles granted Plaintiff's motion to proceed *in forma pauperis* and reviewed the complaint. *See* Dkt. No. 4. In his review, Chief Magistrate Judge Peebles made the following recommendations: (1) Plaintiff's Eighth Amendment claim be dismissed with prejudice; (2) Plaintiff's First Amendment claim be dismissed with leave to replead; (3) Johnson City be substituted as a named defendant in the action in the place of JCPD; and (4) the remainder of Plaintiff's complaint be accepted for filing. *See* Dkt. No. 6. Plaintiff has not filed objections to the Order, Report, and Recommendation.

Section 1915(e)(2)(B) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Second Circuit has held that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

Similarly, 28 U.S.C. § 1915A(b) directs a court to review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When reviewing a complaint under section 1915(e), the court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading that sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. Proc. 8(a)(2). The purpose of Rule 8 "'is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense.'" *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162

F.R.D. 15, 16 (N.D.N.Y. 1995) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977))) (other citation omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. Proc. 8(a)(2)). A complaint filed by a *pro se* litigant should not be dismissed without granting leave at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party declines to file objections or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846,

3

*1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege "(1) 'that some person has deprived him of a federal right,' and (2) 'that the person who has deprived him of that right acted under color of state . . . law.'" *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).

In relevant part, the First Amendment of the United States Constitution states that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof[.]" U.S. Const. amend. I. As to Plaintiff's First Amendment claim, Chief Magistrate Judge Peebles correctly determined that, although Plaintiff identifies himself as a Muslim in his complaint, and identified himself as a Muslim to Defendants on the date of his arrest, he fails to allege how the search conducted by Defendants violated his right to exercise his religion. *See* Dkt. No. 6 at 9. Accordingly, the Court finds that Plaintiff's First Amendment Free Exercise claim should be dismissed without prejudice.

Plaintiff asserted a cause of action arising under the Eighth Amendment of the United States Constitution alleging cruel and unusual punishment. *See* Dkt. No. 1 at 5. Chief Magistrate Judge Peebles correctly determined that the claim should be dismissed with prejudice because the any claim under the Eighth Amendment is not cognizable since Plaintiff was a pretrial detainee at the time and the Eighth Amendment applies only to an individual after he or she has been convicted of a crime. *See Whitley v. Albers*, 475 U.S. 312, 318-19 (1986).

Finally, Plaintiff named JCPD as a defendant. *See* Dkt. No. 1 at 2. However, "[a] city police department is not an independent, suable entity separate and apart from the municipality in which the police department is organized." *See Krug v. Cnty. of Rennselaer*, 559 F. Supp. 2d 223, 247 (N.D.N.Y. 2008) (citations omitted). Chief Magistrate Judge Peebles correctly recommended that, since Plaintiff has plausibly alleged a claim for *Monell* liability, JCPD should be dismissed from this action and substituted with Johnson City as a defendant. *See* Dkt. No. 6 at 10.

Upon review of Chief Magistrate Judge Peebles's Order, Report, and Recommendation and the applicable law, the Court finds that Chief Magistrate Judge Peebles correctly recommended that the Court should dismiss Plaintiff's Eighth Amendment claim with prejudice, dismiss Plaintiff's First Amendment claim with leave to replead, substitute Johnson City as a named defendant in this action in place of JCPD, and accept for filing the remainder of Plaintiff's complaint. *See* Dkt. No. 6. For the reasons stated herein, the Court hereby

**ORDERS** that Chief Magistrate Judge Peebles's Order, Report, and Recommendation is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's Eighth Amendment claim is dismissed with prejudice; and the Court further

**ORDERS** that Plaintiff's First Amendment claim is dismissed with leave to replead; and the Court further

**ORDERS** that Johnson City Police Department is dismissed from this action and substituted with Johnson City as a defendant in this action; and the Court further

**ORDERS** that the remainder of Plaintiff's complaint is accepted for filing; and the Court further

**ORDERS** that the Clerk of the Court shall issue summonses and forward them with copies of the complaint to the United States Marshal, along with packets containing General Order 25, which sets forth this district's Civil Case Management Plan, for service upon the named Defendants.

**IT IS SO ORDERED.**

Dated: September 10, 2018
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge