UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SALIH R. SHABAZZ,

                             **Plaintiff,**

    vs.                                          3:18-cv-570
                                                    (MAD/DEP)

JOHNSON CITY POLICE DEPARTMENT,
CHRISTOPHER KETCHUM, and
PATROLMAN CONRAD, BADGE #140,

                             **Defendants.**
_____

**APPEARANCES:**                                   **OF COUNSEL:**

**SALIH R. SHABAZZ**
16-B-3163
Cayuga Correctional Facility
P.O. Box 1186
Moravia, New York 13118
Plaintiff *pro se*

**OFFICE OF THERESA J. PULEO**          **MICHELLE M. DAVOLI, ESQ.**
301 Plainfield Road – Suite 210
Syracuse, New York 13212
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    On May 14, 2018 Plaintiff Salih R. Shabazz filed a complaint against Defendants Johnson City Police Department, Christopher Ketchum, and Patrolman Conrad, Badge #140, seeking relief under 42 U.S.C. § 1983 for violations of his constitutional rights. On November 12, 2018, Defendants filed a motion to dismiss pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure. *See* Dkt. No. 15. Currently before the Court is Defendants' motion to dismiss. For the following reasons, Defendants' motion is granted.

## II. BACKGROUND

Plaintiff has filed suit against Defendants for alleged violations of his rights under the First, Fourth, and Eighth (construed as Fourteenth) Amendments to the United States Constitution. Plaintiff contends that at 2:33 p.m. on February 26, 2016, Defendants Ketchum and Conrad approached him on the corner of Harrison Street and Grand Avenue in Johnson City and "handcuffed and patfrisk[ed] Plaintiff for contraband." *See* Dkt. No. 1 at 2. Plaintiff further contends that Defendants Ketchum and Conrad then pulled down his pants "under the guise of thoroughly searching [him]" and that Defendant Ketchum "became verbally abusive." *Id.* at 3. For the next five hours, Plaintiff claims Defendants Ketchum and Conrad conducted multiple searches, "put [him] in a squad [car] and read [him] his Miranda rights," left him "handcuffed to a bench with no food or water and no access to a phone to call a lawyer . . . [and] with no shoes or jacket." *Id.* at 4.

In his complaint, Plaintiff alleges that his rights under the First, Fourth, Eighth, and Fourteenth Amendments were violated. *See* Dkt. No. 1. In a June 21, 2018 Order, Report, and Recommendation, Magistrate Judge Peebles reviewed the complaint and made the following recommendations: (1) Plaintiff's claims under the Eighth Amendment be dismissed with prejudice; (2) Plaintiff's First Amendment claim be dismissed with leave to replead; (3) that Johnson City be substituted as a named Defendant in the action in the place of Johnson City Police Department; and (4) that the remainder of Plaintiff's complaint be accepted for filing. *See* Dkt. No. 6 at 14-15. On September 10, 2018, the Court accepted Magistrate Judge Peebles Order, Report, and Recommendation. *See* Dkt. No. 7. Although Plaintiff's First Amendment free exercise claim was dismissed with leave to replead, Plaintiff failed to amend his complaint.

In their motion to dismiss, Defendants assert that Plaintiff's Complaint should be dismissed under Rule 12(b)(5) on the grounds that Plaintiff did not serve Defendants in a timely manner, and pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *See* Dkt. No. 15-12.

### III. DISCUSSION

**A.     Standard of Review**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are

3

"plausible on [their] face," *id.* at 570.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the [] complaint must be dismissed[,]" *Twombly*, 550 U.S. at 558, 570.

**B.    Timely Service**

Federal Rule of Civil Procedure 4(m) requires service of a summons and complaint within ninety days of filing the pleading.  *See* Fed. R. Civ. P. 4(m).  Service by mail is complete on the date the signed acknowledgment is mailed to the sender.  *See* Fed. R. Civ. P. 4(e).  Pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure, a court must "order that service be made by a United States marshal or deputy marshal or by a person specifically appointed by the court.... [i]f the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915."  Fed. R. Civ. P. 4(c)(3).  Rule 4 is "to be liberally construed, to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice." *Grammenos v. Lemos*, 457 F.2d 1067, 1070 (2d Cir. 1972) (citations omitted).  "But there must be compliance with the terms of the rule, and absent waiver, incomplete or improper service will lead the court to dismiss the action unless it appears that proper service may still be obtained." *Id.* (citations omitted).  The court may extend the ninety-day limit for service of the summons and complaint if the plaintiff can show good cause for the failure to effect timely service.  *See* Fed. R. Civ. Proc. 4(m).

When a plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915, the plaintiff is entitled to rely on the United States marshal to effect service. *See* Fed. R. Civ. Proc. 4(c)(3). Courts in the Second Circuit have repeatedly held that "'the time to effect service should be tolled while an *in forma pauperis* motion is pending – at least where ... the motion is granted.'" *Sidney v. Wilson*, 228 F.R.D. 517, 523 (S.D.N.Y. 2005) (citations omitted).

In the present matter, Defendants contend that Plaintiff filed the summons and complaint on May 14, 2018, but did not serve Defendants Conrad and Ketchum until September 21, 2018, a period of one hundred and thirty days. *See* Dkt. No. 15-12 at 6. Defendants argument, however, ignores the fact that Magistrate Judge Peebles issued a Report and Recommendation on June 21, 2018, in which he conducted an initial review of the complaint and granted Plaintiff's motion to proceed *in forma pauperis*. *See* Dkt. No. 6. Then, on September 10, 2018, the Court adopted the Report and Recommendation in its entirety and directed the Clerk of the Court to issue summonses and forward them to the United States Marshal for service on the named Defendants. *See* Dkt. No. 7. The acknowledgment of service filed with the Court indicates that Defendants Conrad and Ketchum were both served on September 21, 2018, while the summons was returned unexecuted as to Johnson City. *See* Dkt. Nos. 11-13. As such, the Court finds that Defendants Conrad and Ketchum were timely served.

As to Johnson City, Plaintiff was required to effect service pursuant to C.P.L.R. § 311(a)(6), which provides that "[p]ersonal service upon a corporation or governmental subdivision shall be made by delivering the summons as follows: ... upon a village, to the mayor, clerk, or any trustee." N.Y.C.P.L.R. § 311(a)(6). While Plaintiff attempted to serve Johnson City, on November 6, 2018, the Marshals Service informed Plaintiff that its attempt to serve the summons and complaint were unsuccessful. *See* Dkt. No. 13. Further, Plaintiff was informed

that if he desired "this office to make any further attempt to serve the summons and complaint on this defendant, please notify us in writing and submit a new US Marshals form USM 285, summons and complaint along with your request for service in accordance with Rule 4 of the Federal Rules of Civil Procedure." *Id.* at 2. Despite these instructions, to date Plaintiff has not requested any additional attempts at service upon Johnson City. As such, the Court grants Defendant's motion to dismiss for insufficient service of process as to Defendant Johnson City.

**C.     Christopher Ketchum and Patrolman Conrad, Badge #140**[1]

*1. Fourth Amendment False Arrest*

"A § 1983 claim for false arrest, . . . including arrest without probable cause, . . . is substantially the same as a claim for false arrest under New York law[.]" *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (internal citations omitted). Under both New York law and the Fourth Amendment to the United States Constitution, the elements of a false arrest action are as follows: "'(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged.'" *Curry v. City of Syracuse*, 316 F.3d 324, 335 (2d Cir. 2003) (quotation omitted). The existence of probable cause to arrest is a complete defense to a claim of false arrest and when an arrest is made pursuant to a facially valid warrant, there is a rebuttable presumption that it was made with probable cause. *See Bernard v. United States*, 25 F.3d 98, 102 (2d Cir.

---

[1] The Court notes that, in Defendants' motion to dismiss, they argue for the dismissal of Plaintiff's claims brought under the First and Eighth Amendments. *See* Dkt. No. 15-12 at 8-9, 11-12. In its initial review of the complaint, the Court dismissed these claims, and no amended complaint has been filed. *See* Dkt. No. 7.

1994); *Martinetti v. Town of New Hartford Police Dep't*, 112 F. Supp. 2d 251, 252-53 (N.D.N.Y. 2000).

Where a search has been conducted pursuant to a court-authorized warrant, "great deference" is due to a magistrate's determination that there is probable cause to search a person or premises. *United States v. Leon*, 468 U.S. 897, 914 (1984) (citations omitted). "'Normally, the issuance of a warrant by a neutral magistrate, which depends on a finding of probable cause, creates a presumption that it was objectively reasonable for the officers to believe that there was probable cause.'" *Calderon v. City of New York*, 138 F. Supp. 3d 593, 604 (S.D.N.Y. 2015) (quoting *Golino v. City of New Haven*, 950 F.2d 864, 870 (2d Cir. 1991)) (other citation omitted).

"Deference to the magistrate's finding of probable cause, however, 'is not boundless,' ... and while a party challenging a warrant on the ground that it was issued on less than probable cause bears a 'heavy burden,' ... that burden can be met." *Calderon*, 138 F. Supp. 3d at 604 (quotations omitted). "In particular, it is appropriate to inquire whether the affidavit on which the probable cause determination was based was knowingly or recklessly false." *Id.* "Under *Franks v. Delaware*, 438 U.S. 154 (1978), a criminal defendant who seeks to suppress the fruits of a search warrant must show that (1) the affiant knowingly and intentionally, or with a reckless disregard of the truth, made false statements or omissions in his application for a warrant, and (2) such statements or omissions were necessary to the finding of probable cause." *Id.* (citing *Franks*, 438 U.S. at 155-56; *United States v. Martin*, 426 F.3d 68, 73 (2d Cir. 2005); *United States v. Canfield*, 212 F.3d 713, 717-18 (2d Cir. 2000)).

While *Franks* involved a criminal case, this same standard applies in civil cases, like this one, brought pursuant to § 1983, in which a plaintiff seeks to challenge a warranted search as unlawful. *See, e.g., Velardi v. Walsh*, 40 F.3d 569, 573 (2d Cir. 1994) (citing *Franks*, 438 U.S. at

7

171-72, 98 S. Ct. 2674; *Golino*, 950 F.2d at 870-71); *Magnotti v. Kuntz*, 918 F.2d 364, 368 (2d Cir. 1990). "In such cases, a plaintiff must make a 'substantial preliminary showing' that the affiant knowingly and intentionally, or with reckless disregard for the truth, made a material false statement in applying for the warrant." *Calderon*, 138 F. Supp. 3d at 604 (citing *Rivera v. United States*, 928 F.2d 592, 604 (2d Cir. 1991)) (other citation omitted). "Unsupported conclusory allegations of falsehood or material omission" cannot support a challenge to the validity of the warrant; rather, the plaintiff must make "specific allegations" supported by an offer of proof. *Velardi*, 40 F.3d at 573. The *Franks* standard is, thus, "a high one." *Rivera*, 928 F.2d at 604.

In the present matter, in his response, Plaintiff appears to be attempting to challenge the validity of the warrant. *See* Dkt. No. 21 at 4-7. Plaintiff argues that the search warrant application relied on the information of a confidential informant, without any independent corroboration of the information provided. *See id.* at 6-7. Further, while it is not entirely clear what statements Plaintiff is referring to, Plaintiff claims that Defendant Ketchum made false statements knowingly and intentionally. *See id.* at 5.

Contrary to Plaintiff's assertions, his conclusory allegations do not make a "substantial preliminary showing" that materially false statements were made in support of the search warrant. Further, while it is true that the affidavit in support of the search warrant did rely on a confidential informant, the affidavit contained considerably more information in support of the finding of probable cause. *See* Dkt. No. 21-2 at 5-7. Specifically, the affidavit indicates that the confidential informant was able to positively identify Plaintiff from a photograph and that, while under surveillance by the Broome County Special Investigations Unit Task Force, the confidential informant made controlled purchases of heroin from Plaintiff. *See id.* at 6. After the controlled purchase was completed, Plaintiff was observed by the Task Force returning to his residence at

211 Harrison Street. *See id.* Finally, the affidavit provides information regarding the reliability of the confidential informant, including the fact that he or she provided information in the past that led to several narcotics related arrests. *See id.* at 7.

Based on the foregoing, the Court finds that the search warrant was supported by probable cause to support a warrant for the search of Plaintiff's residence and his person. As such, the Court grants Defendants' motion to dismiss as to Plaintiff's false arrest claim.

### 2. Malicious Prosecution

Defendants have also moved for dismissal of the alleged claim of malicious prosecution. While the Court does not believe that Plaintiff has pled such a claim, as discussed in the initial review of the complaint, it will nevertheless address the merits of any such alleged claim.

To prevail on a Section 1983 claim for malicious prosecution, "a plaintiff must show a violation of his rights under the Fourth Amendment . . . and must establish the elements of a malicious prosecution claim under state law." *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010) (citations omitted). Under New York law, a plaintiff must establish four elements to support a malicious prosecution claim: "'(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions.'" *Id.* (quotation and other citations omitted); *see also Dufort v. City of New York*, 874 F.3d 338, 350 (2d Cir. 2017) (quotation omitted). Initiating a criminal proceeding against a person without probable cause, coupled with a deprivation of liberty, is a Fourth Amendment violation. *See Murphy v. Lynn*, 118 F.3d 938, 944-45 (2d Cir. 1997) (citation omitted).

#### a. Initiation or Continuation of a Criminal Proceeding

The Second Circuit has held that although "police officers do not generally 'commence or continue' criminal proceedings against defendants, a claim for malicious prosecution can still be maintained against a police officer if the officer is found to 'play[ ] an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act.'" *Bermudez v. City of New York*, 790 F.3d 368, 377 (2d Cir. 2015) (quotations omitted). "This element might be satisfied by, for example, showing that an officer generated witness statements or was regularly in touch with the prosecutor regarding the case." *Id.* (citation omitted).

Recently, the New York Court of Appeals acknowledged that it has "'never elaborated on how a plaintiff in a malicious prosecution case demonstrates that the defendant commenced or continued the underlying criminal proceeding.'" *Torres v. Jones*, 26 N.Y.3d 742, 760-61 (2016) (quotation omitted). "But, by suggesting that a defendant other than a public prosecutor may be liable for supplying false information to the prosecutor in substantial furtherance of a criminal action against the plaintiff, we have implicitly recognized that such conduct may, depending on the circumstances, constitute the commencement or continuation of the prosecution." *Id.* at 761 (citations omitted); *see also Colon v. City of New York*, 60 N.Y.2d 78, 82 (1983) (noting that proof establishing "that the police witnesses" have falsified evidence may create liability for malicious prosecution); *Hopkinson v. Lehigh Val. R.R. Co.*, 249 N.Y. 296, 300-01 (1928) (noting that the falsification of evidence and presentation of that evidence to the prosecutor can constitute commencement of a prosecution).

In the present matter, the Court finds that Plaintiff has failed to plead facts plausibly alleging that Defendants played such an active role that they would be considered to have initiated or commenced the criminal proceedings against Plaintiff. Further, Plaintiff has failed to allege that Defendants misrepresented or falsified facts before the grand jury or to the district

attorney, that they withheld evidence, or that they otherwise acted in bad faith. *See Roberts v. City of New York*, 171 A.D.3d 139, 150 (1st Dep't 2019) (citation omitted). Rather, the allegations in the complaint relate solely to the roles that Defendants Conrad and Ketchum played in Plaintiff's arrest. Such facts are insufficient to support a claim of malicious prosecution. *See Levy v. City of New York*, 935 F. Supp. 2d 575, 588 (E.D.N.Y. 2013) (holding that "a plaintiff cannot usually show arresting officers initiated a criminal proceeding against him solely based on an arrest").

Based on the foregoing, the Court grants Defendants' motion to dismiss as to Plaintiff's malicious prosecution claim.

### *b. Termination in Plaintiff's Favor*

As mentioned above, a plaintiff bringing a malicious prosecution claim must establish that the criminal proceedings against him terminated in his favor. *See Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010) (citation omitted). Here, Plaintiff was convicted of the charges brought against him and those charges have not been reversed on appeal or collateral attack. As such, Plaintiff's malicious prosecution claim is subject to dismissal on this alternative ground.[2]

### *3. Due Process*

In his complaint, Plaintiff contends that Defendants Ketchum and Conrad deprived him of his due process rights when they denied him the right to consult an attorney. *See* Dkt. No. 1 at 5. Defendants argue that this claim is subject to dismissal because Plaintiff was read his *Miranda*

---

[2] Any decision in Plaintiff's favor on this claim would also necessarily run afoul of *Heck v. Humphrey*, 512 U.S. 477 (1994), since any decision in Plaintiff's favor would impugn the validity of Plaintiff's criminal convictions.

11

warnings, signed a *Miranda* Warning Report, and unequivocally waived his right to counsel and to remain silent. *See* Dkt. No. 15-12 at 12.

Initially, the Court notes that Plaintiff has not alleged that any statements he made during custodial interrogation were used against him in the subsequent criminal proceeding. *See Mentuhotep v. New York City Police Dep't*, No. 16-cv-2871, 2016 WL 3522279, *2 (S.D.N.Y. June 22, 2016) (dismissing the plaintiff's Fifth Amendment claim when he failed to allege that any coerced statements were used against him) (citations omitted). Even assuming that Plaintiff's *Miranda* rights had been violated, "the remedy for a *Miranda* violation is 'exclusion of any self-incriminating statements from use at a criminal proceeding, not an action for damages under Section 1983.'" *DiPompo v. Ruggiero*, No. 17-cv-8077, 2018 WL 5045339, *1 n.2 (S.D.N.Y. Oct. 17, 2018) (quotation omitted); *see also Myers v. County of Nassau*, 825 F. Supp. 2d 359, 367 (E.D.N.Y. 2011) (citing cases). While a plaintiff cannot base a section 1983 claim solely on a law enforcement officer's failure to administer *Miranda* warnings, a cause of action "may exist under the Fifth Amendment self-incrimination clause if coercion was applied to obtain a waiver of the plaintiffs' rights against self-incrimination and/or to obtain inculpatory statements, and the statements thereby obtained were used against the plaintiffs in a criminal proceeding." *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 346 (2d Cir. 1998) (citation omitted). Here, Plaintiff has failed to allege that he was coerced into providing a statement or otherwise waiving his rights. Finally, even assuming that Plaintiff had alleged that a statement was coerced from him in violation of *Miranda* and used against him at trial, this claim would nevertheless be subject to dismissal because a judgment in Plaintiff's favor would necessarily imply the invalidity of Plaintiff's conviction or sentence. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 584-85 (9th Cir. 1995) (holding that the plaintiff's Fifth Amendment claim alleging officer's failure to read

*Miranda* warnings was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994)); *Hoeft v. Joanis*, No. 09-cv-119, 2009 WL 1230012, *1 (W.D. Wis. Apr. 30, 2009) (citing *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)); *Bickman v. Blair*, 228 F.3d 408, *1 (5th Cir. 2000).

Based on the foregoing, the Court grants Defendants' motion to dismiss as to this claim.

**D.    Village of Johnson City[3]**

In *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658 (1978), the Supreme Court held that local governing bodies and officials sued in their official capacities were "persons" within the meaning of section 1983. *See id.* at 690. Municipalities can therefore be sued directly in "situations where . . . the action that is alleged to be unconstitutional . . . may be fairly said to represent official policy" or "'custom[,]' even though such custom has not received formal approval through the government's official decision-making channels." *Id.* at 659. The Court further held that a local government cannot be held liable under section 1983 solely for the wrongdoing of its employees where the employee was not acting pursuant to some official municipal policy that caused the constitutional harm. *See id.* at 691. In sum, "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury [for which] the government as an entity is responsible under § 1983," the municipality may be held liable. *Id.* at 694.

In order to hold a municipality liable under section 1983 for the unconstitutional actions of its employees, the plaintiff must "plead and prove three elements: (1) an official policy or

---

[3] In their motion, Defendants initially argue that the claims against the Johnson City Policy Department should be dismissed because departments that are "'merely administrative arms of a municipality' do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued." Dkt. No. 15-12 at 7 (quotation omitted). Defendants are absolutely correct, which is why the Court, in its initial review of the complaint, substituted the Village of Johnson City for the Johnson City Police Department. *See* Dkt. No. 7 at 5.

custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Torraco v. Port Auth. of New York & New Jersey*, 615 F.3d 129, 140 (2d Cir. 2010) (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007)). In order to survive a motion to dismiss, a plaintiff "cannot merely allege the existence of a municipal policy or custom, but 'must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists.'" *Triano v. Town of Harrison*, 895 F. Supp. 2d 526, 535 (S.D.N.Y. 2012) (quoting *Santos v. New York City*, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012)). "[C]onclusory, boilerplate assertion[s] of a municipal policy or custom [are] insufficient to survive a motion to dismiss." *Rivera v. Bloomberg*, Nos. 11 Civ. 629, 11 Civ. 4325, 2012 WL 3655830, *12 (S.D.N.Y. Aug. 27, 2012) (quoting *Plair v. City of New York*, 789 F. Supp. 2d 459, 469 (S.D.N.Y. 2011)).

In the present matter, the Court finds that Plaintiff has failed to plausibly allege a *Monel* claim against the Village of Johnson City.[4] In his complaint, Plaintiff's only allegation regarding the Village of Johnson City provides as follows: "The Action of Johnson City Police Dept. for not following policy and procedural regulations and the abuse of authority." Dkt. No. 1 at 5. The complaint is devoid of any specific facts suggesting that a municipal custom or policy led to a violation of his rights. As such, the Court finds that Plaintiff's claims against the Village of Johnson City are subject to dismissal on this alternative ground.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

---

[4] The Court notes that the claims against the Village of Johnson City are already subject to dismissal for insufficient service of process and because all of the underlying claims against the individually named Defendants have been dismissed.

14

**ORDERS** that Defendants' motion to dismiss is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 26, 2019
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge